UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jamie Michael Gilbert, #335126,            ) | C/A No. 2:13-493-RMG-BHH |
|                                             ) | |
|       Plaintiff,  ) | |
|                                             ) | |
| vs.                                         ) | REPORT AND RECOMMENDATION |
|                                             ) | for Partial Summary Dismissal |
| Sgt. Colton West;                           ) | |
| Bruce Oberman;                              ) | |
| Anthony J. Padula,                          ) | |
|                                             ) | |
|       Defendants. ) | |
|                                             ) | |

  Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at Lee Correctional Institution ("Lee CI"). Plaintiff brings this action against employees of the South Carolina Department of Corrections (SCDC) alleging violations of 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A. For the reasons that follow, the undersigned recommends that the district judge dismiss the Complaint in this case without prejudice and without issuance and service of process as to Defendants Bruce Oberman and Anthony J. Padula.[1]

### Factual and Procedural Background

  In his Complaint, Plaintiff states that, while he was restrained, Defendant West jumped on his back and punched him several times in the face, even though a second officer repeatedly pushed West away from Plaintiff. Plaintiff complains that he endured an

---

[1] In a separately-docketed order, the undersigned has authorized service against Defendant Colton West.

"extreme amount of pain" and he is "still having complications" from the attack. (ECF No. 1 at 4.) He makes no allegations against Defendants Oberman and Padula. Plaintiff wishes to recover monetary damages, for Defendant West to "turn his badge in," and to "press charges. (*Id.*)

## Standard of Review

Plaintiff filed this Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(I), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.

Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## Discussion

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). While Plaintiff provides sufficient factual information to withstand summary dismissal of his claims against Defendant West, he fails to state a cognizable § 1983 claim against the defendants discussed below.

Plaintiff identifies Anthony J. Padula as the "previous warden" at Lee CI, and Bruce Oberman as the "previous SMU [special management unit] director" at Lee CI. (ECF No. 1 at 2.) The complained-of events occurred while Plaintiff was held in SMU.

Because Plaintiff has made no separate allegations against these Defendants, the undersigned assumes that he joins them as defendants on a theory of respondeat superior. However, a § 1983 claim for supervisory liability cannot rest on the doctrine of respondeat superior. *Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999). Supervisory officials may be held liable, in some circumstances, for constitutional injuries inflicted by their subordinates, but only if certain criteria are established. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). A plaintiff must show that the supervisory official was (1) actually or constructively aware of a risk of constitutional injury, (2) deliberately indifferent to that risk, and (3) that

3

an affirmative causal link exists between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Carter*, 164 F.3d at 221. "Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions . . . ." *Shaw*, 13 F.3d at 799 (citing *Slakan v. Porter*, 737 F.2d 368, 373–74 (4th Cir. 1984)). "Ordinarily [a plaintiff] cannot satisfy his burden of proof by pointing to a single incident or isolated incidents . . . ." *Slakan*, 737 F.2d at 373. The Complaint contains no factual allegations to demonstrate that Defendants Padula and Oberman were aware of any pervasive or unreasonable risk of constitutional injury to Plaintiff, or deliberately indifferent to any such risk. Therefore, these Defendants are not liable in their capacity as supervisors and the claims against them should be summarily dismissed.

## Conclusion

Accordingly, it is recommended that the district judge dismiss the Complaint in the above-captioned case without prejudice as to Defendants Padula and Oberman.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

May 3, 2013
Charleston, South Carolina

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).