IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Jamie Michael Gilbert, #335126, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No. 2:13-cv-493-RMG |
| Sgt. Colton West; Bruce Oberman; and Anthony J. Padula, | ) ) ) ) | ORDER |
| Defendants. | ) ) ) ) ) | |

This action comes before the Court following a Report and Recommendation ("R&R") in which the Magistrate Judge assigned to this case, under her initial review pursuant to 28 U.S.C. § 1915, recommended dismissing certain defendants. (Dkt. No. 16). In this order, the Court adopts the Magistrate Judge's Report and Recommendation.

## Background

Plaintiff is an inmate at Lee Correctional Institution. He brings this action *pro se* pursuant to 42 U.S.C. § 1983, alleging that he was physically assaulted by Defendant Sgt. Colton West. (Dkt. No. 1). For relief, Plaintiff seeks monetary damages, as well as injunctive relief requiring that West "turn his badge in" and that he be criminally charged. (*Id.* at 4). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC, this case was referred to a United States Magistrate Judge for all pretrial proceedings.

On May 3, 2013, the Magistrate Judge issued an R&R recommending the dismissal from this action of the other two defendants aside from West, Defendants Anthony J. Padula and Bruce

Oberman. (Dkt No. 16). The Magistrate Judge made this recommendation on the ground that Plaintiff "has made no separate allegations against these Defendants" that would make plausible an assertion of their supervisory liability under section 1983. (*Id.* at 3–4). Plaintiff did not file objections to this recommendation.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Thus, this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Nevertheless, in the absence of specific objections to the R&R, this Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

The Magistrate Judge recommends dismissing certain defendants pursuant to 28 U.S.C. § 1915. Under Section 1915(e)(2)(B), the court shall dismiss a prisoner's action if it determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

In reviewing this complaint, the Court is mindful of Plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a *pro se* litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a *pro se* plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## Discussion

The Court has reviewed the Magistrate Judge's analysis in the Report and Recommendation of May 3, 2013, and concludes that she correctly applied the relevant law. Plaintiff does not allege any specific acts or omissions by Defendants Padula or Oberman that could be construed to state a claim against the two supervisors. Accordingly, dismissing these defendants under § 1915 is appropriate.

## Conclusion

The Court therefore ADOPTS the Magistrate Judge's Report and Recommendation, (Dkt. No. 16), and DISMISSES Defendants Anthony J. Padula and Bruce Oberman from this action.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
May 21, 2013

-3-