IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jamie Michael Gilbert, ) | |
| ) | Civil Action No.2:13-cv-00493-RMG-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Sgt. Colton West, ) | |
| ) | |
| Defendant. ) | |

The Plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court upon Plaintiff's Motion for Summary Judgment (Dkt. No. 33) and Defendant's Motion for Summary Judgment (Dkt. No. 34).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate for consideration.

The Plaintiff brought the instant action on or about February 20, 2013, against Sgt. Colton West, Bruce Oberman, and Anthony J. Padula. (See Dkt. No. 1; see also Dkt. No. 1-2.) On May 29, 2013, the Honorable Richard M. Gergel dismissed Defendants Oberman and Padula. (Dkt. No. 20.) On or about July 18, 2013, Plaintiff filed a Motion for Summary Judgment. (Dkt. No. 33.) On August 2, 2013, Defendant West filed a Motion for Summary Judgment. (Dkt. No. 34.) By order filed August 5, 2013, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 35.) Plaintiff filed his Response in Opposition to the Motion for Summary Judgment on or about September 9, 2013. (See Dkt. No. 44-1.)

**PROCEDURAL FACTS**

Plaintiff brings the instant action pursuant to 42 U.S.C. § 1983 for events that allegedly occurred at Lee Correctional Institution ("LCI" or "Lee") of the South Carolina Department of Corrections ("SCDC"). Plaintiff alleges that on February 13, 2012, Corporal Dillman and Defendant West were conducting showers; although Plaintiff refused his shower, the officers escorted Plaintiff's roommate, Angelo Ham, to the showers. (See Dkt. No. 1 at 3 of 4.) Plaintiff states that when Ham returned to the cell, Plaintiff "struck Angelo Ham in the forehead w[ith] a blunt piece of metal[,] causing a brief altercation between [Plaintiff] . . . and Angelo Ham." (Id.) According to Plaintiff, officers Dillman and West "did not follow procedures by not restraining [Plaintiff]." (Id.) Plaintiff alleges that after he struck inmate Ham, Plaintiff "ran away from the scene and into Officer" Thompson, who "tried to grab [Plainitff] and restrain [Plaintiff] . . . to no avail." (Id.) Plaintiff states that Officer Thompson "was dragged down the stairs by [Plaintiff] to where" Thompson "tripped [Plaintiff] up and restrained" him. (Id.)

Plaintiff alleges that while Thompson was waiting for another officer to come and escort Plaintiff to a holding cell, Defendant West ran down the stairs and, while Plaintiff was restrained by Officer Thompson, "jumped on [Plaintiff's] back and punched [him] several times in [the] face[,] causing [Plaintiff's] face to swell up." (Id.) According to Plaintiff, Defendant West hit Plaintiff "so many times that Cpl. Thompson had to push [West] off [Plaintiff] 2-3 times." (Id.)

In the "Relief" section of his Complaint, Plaintiff states that he seeks monetary damages. (Dkt. No. 1 at 4 of 4.) Plaintiff also seeks to press charges and to have Defendant West "turn in his badge." (Id.)

2

**APPLICABLE LAW**

**Summary Judgment Motion Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

**DISCUSSION**

As noted above, both parties seek summary judgment. (See Dkt. No. 33; Dkt. No. 34.) The undersigned addresses both motions below.

**A. Defendant's Motion for Summary Judgment (Dkt. No. 34)**

Defendant West argues he is entitled to summary judgment because "the record indicates he acted for legitimate 'correctional purposes' and 'in good faith,' which clearly supports a finding that he did not act with malicious or sadistic intent." (Dkt. No. 34-1 at 5 of 7.) Defendant West also contends that Plaintiff's claim for damages is barred by Heck v. Humphrey, 512 U.S. 477 (1994). (Dkt. No. 34-1 at 5-7 of 7.)

In Heck v. Humphrey, the United States Supreme Court held that for a plaintiff to recover damages on the basis of an allegedly unconstitutional conviction or imprisonment, the plaintiff must first have the conviction or sentence "reversed on direct appeal, expunged

3

by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87. Specifically, the Court stated:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. The Supreme Court, in Edwards v. Balisok, 520 U.S. 641 (1997), applied the holding from Heck to prison disciplinary proceedings that resulted in the loss of good time credits. Id. at 645–48.

It is possible, however, for an excessive force claim to proceed without necessarily implying that an underlying criminal conviction arising out of an arrest was wrongful. Smith v. City of Hemet, 394 F.3d 689, 699 (9th Cir. 2005) (en banc) (holding that success on the merits of appellant's excessive force claim did not necessarily imply the invalidity of his criminal conviction, and was therefore not barred by Heck); Brooks v. City of Winston-Salem, 85 F.3d 178, 182-83 (4th Cir. 1996) ("[A] section 1983 action which would not render a conviction or sentence invalid and that seeks to recover damages other than those resulting from conviction or sentence was cognizable and could proceed assuming no other bar to action was present, even though the Plaintiff's conviction or sentence had not been reversed."). If there is no legal nexus between the officer's alleged force and the plaintiff's conviction–that is, the alleged force occurred, independently, either before the plaintiff's

4

conduct giving rise to the conviction, or after the plaintiff's conduct giving rise to the conviction had clearly ceased, then a successful § 1983 suit for excessive force would not imply the invalidity of the conviction. Riddick v. Lott, 202 Fed. App'x 615, 616 (4th Cir. 2006).

On the limited evidence in the record, the undersigned cannot agree–at least at this point–that Plaintiff's claim against West is barred by Heck. Defendant filed three documents along with his Motion for Summary Judgment: (a) the second page of a two-page incident report that is, in parts, illegible (Dkt. No. 34-2); (b) one page from Plaintiff's SCDC medical records (Dkt. No. 34-3); and (c) SCDC's Disciplinary Report and Hearing Record for a February 28, 2012 hearing (Dkt. No. 34-3). Defendant did not file an Affidavit, however. According to the disciplinary record submitted by Defendant, Plaintiff was convicted of Assault and/or Battery of an SCDC Employee; Striking an Inmate with or without a Weapon; and Refusing or Failing to Obey Orders. (See Dkt. No. 34-4.) Based on what is legible from page two of the incident report, it appears that Plaintiff's disciplinary conviction for striking an SCDC employee arises out of West's contention that Plaintiff "pushed" West before Plaintiff ran down the stairs. (See Dkt. No. 34-2.) Although, as noted above, West did not file an Affidavit, West's incident report indicates that at the bottom of the stairs, Corporal Thompson was holding Plaintiff's leg. (Id.) According to the incident report, West ran down the stairs and "tried to gain control of inmate Gilbert." (Id.) The incident report indicates that Plaintiff "would not comply to be restrained," so West "administered a palm heel strike to the facial area of inmate Gilbert with [West's] right hand," after which Plaintiff became compliant. (Id.)

Plaintiff's version of the events is markedly different. (See Dkt. No. 1.) Plaintiff alleges–in his Verified Complaint–that *after* he had been restrained by Officer Thompson,

5

Defendant West ran down the stairs and "jumped on [Plaintiff's] back and punched [him] several times in [the] face[,] causing [Plaintiff's] face to swell up." (Id.) (Dkt. No. 1 at 3 of 4.)[1]

Taking the evidence in the light most favorable to the Plaintiff–as is required in evaluating Defendant's Motion for Summary Judgment–the undersigned cannot conclude Plaintiff's excessive force claim is barred by Heck. As noted in Riddick, "[t]he Heck analysis requires a close factual examination of the underlying conviction." Riddick, 202 Fed. App'x at 616 (citing Heck, 512 U.S. at 487 n.7). And, as in Riddick, the record here is "sparse." Id. Plaintiff's version of events and Defendant's version of events are very different. Although Plaintiff admits that he struck a fellow inmate, Plaintiff asserts that he was already restrained by Officer Thompson when Defendant West jumped on Plaintiff's back and struck Plaintiff several times. Plaintiff was convicted of Assault and/or Battery of an SCDC Employee; Striking an Inmate with or without a Weapon; and Refusing or Failing to Obey Orders. These convictions do not–at least on the record currently before the Court–bar Plaintiff's excessive force claim. Wells v. Cramer, 158 Fed. App'x 203, 204 (11th Cir. 2005) (reversing district court's dismissal as it applied to post-arrest excessive force claim, stating "To the extent that Wells's complaint alleged an excessive use of force after he was arrested, restrained and posed no threat to the defendant officers, his section 1983 action, if successful, would not necessarily imply the invalidity of his underlying convictions and is not *Heck*-barred."); see also Lora–Pena v. F.B.I., 529 F.3d 503, 506 (3rd Cir. 2008) ("[C]onvictions for resisting arrest and assaulting officers would not be inconsistent with a holding that the officers, during a lawful arrest, used excessive (or unlawful) force in response to his own unlawful actions."); Riddick, 202 Fed. App'x at 616.

---

[1] In this Circuit, verified complaints by *pro se* prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir.1991).

6

Defendant's next argument is that he is entitled to summary judgment because "the record indicates he acted for legitimate 'correctional purposes' and 'in good faith,' which clearly supports a finding that he did not act with malicious or sadistic intent." (Dkt. No. 34-1 at 5 of 7.) To establish an Eighth Amendment excessive force claim against a prison official, an inmate must satisfy a two-pronged standard comprised of both a subjective inquiry (whether the defendant acted with a sufficiently culpable state of mind) and an objective inquiry (whether the force applied was objectively harmful enough to amount to a constitutional violation). Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). The subjective component requires an inmate to demonstrate that the force used by the officer inflicted unnecessary and wanton pain and suffering, a question that turns on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Hudson v. McMillian, 503 U.S. 1, 6 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 320-21 (1986)).[2] Factors the court should consider in determining whether a prison official acted maliciously and sadistically include: (1) the need for application of force; (2) the relationship between that need and the amount of force used; (3) the threat reasonably perceived by the responsible officials; and (4) any efforts made to temper the severity of a forceful response. See Hudson, 503 U.S. at 7; see also Williams, 77 F.3d at 762.

To prove the objective component of an excessive force claim, an inmate "must show that correctional officers' actions, taken contextually, were 'objectively harmful enough' to offend 'contemporary standards of decency.'" Stanley v. Hejirika, 134 F.3d 629, 634 (4th Cir. 1998) (quoting Hudson, 503 U.S. at 8). The objective component is not nearly as

---

[2]In Wilkins v. Gaddy, 559 U.S. 34 (2010), the Supreme Court abrogated the Fourth Circuit interpretation of Hudson requiring dismissal of excessive force claims in the absence of more than *de minimis* injury.

7

demanding as the subjective component because "[w]hen prison officials maliciously and sadistically use force to cause harm, . . . contemporary standards of decency always are violated . . . whether or not significant injury is evident." Wilkins v. Gaddy, 559 U.S. 34, 36 (2010).

In the instant case, there is a genuine issue of material fact. Plaintiff asserts–in his Verified Complaint–that he was already restrained by Officer Thompson when Defendant West jumped on Plaintiff's back and struck Plaintiff several times, causing the Plaintiff's face to swell. (Dkt. No. 1.) In addition, the one-page medical summary presented by Defendant indicates that Plaintiff suffered some ruptured blood vessels in his left eye. (Dkt. No. 34-3.) While a jury may not ultimately credit Plaintiff's version of the events, resolution of such a dispute is for the factfinder. If Plaintiff was already restrained, there was little–if any–need for the use of force, and the perceived threat would have been minimal. On these facts, the jury could conclude that Defendant West applied force maliciously and sadistically for the purpose of causing harm.[3] See Pratt v. Deeds, —Fed. App'x—, 2013 WL 4400197, at *1 (9th Cir. Aug. 16, 2013) (reversing summary judgment on inmate's Eighth Amendment claim of excessive force where the inmate did not dispute "that the defendants used reasonable force in subduing him during the cell extraction" but alleged that "the defendants repeatedly punched him in the face after restraining him, repeatedly slammed his head into a sliding door and wall, and pinned him against the wall while one of them pinched and twisted his skin and nipples . . . ."); Ali v. Dinwiddie, 437 Fed. App'x 695, 697 (10th Cir. 2011) (genuine issue of material fact existed in inmate's claim of excessive force against corrections officer where the "gravamen of [the plaintiff's] claim is that he was punched and kicked after he was handcuffed and not resisting"); Wilson v. Flynn, 429 F.3d 465, 469 (4th Cir. 2005) (Lack

---

[3]Of course, the jury could also conclude that West's use of force was applied in a good faith effort to maintain or restore discipline.

8

of evidence that officers used any improper force after restraining a prisoner "distinguishes [Plaintiff's] case from many in which we have held the Plaintiff has alleged an excessive force claim."); cf. Young v. Prince George's County, Md., 355 F.3d 751, 757 (4th Cir. 2004) (stating, in the contest of a Fourth Amendment excessive force claim, "Even more questionable is Officer Hines's use of force once Young was lying face-down on the ground, handcuffed behind his back and disarmed. At this point, Young presumably posed little, if no, threat to Officer Hines."); Bailey v. Kennedy, 349 F.3d 731, 744 (4th Cir. 2003) (stating, in the context of a Fourth Amendment excessive force claim, "Assuming arguendo that some degree of force was justifiable, the extensive blows and kicks used against an unarmed man were unreasonable, especially the use of force that continued after Michael was bound hand and foot and lying face down on the floor.").

**B. Plaintiff's Motion for Summary Judgment (Dkt. No. 33)**

On or about July 18, 2013, Plaintiff filed a document entitled "Motion: in Opposition of the Defendant's Answer" and "Motion: for Summary Judgment of Defendant's to Be Dismissed and Motion for Jury Trial to Plaintiff" (Dkt. No. 33). The Clerk filed the motion as a Motion for Summary Judgment.

Much of Plaintiff's document appears to be a response to the Defendant's Answer. (See Dkt. No. 33.) To the extent that Plaintiff attempts to sue West for negligence, that claim is not cognizable pursuant to § 1983. See Daniels v. Williams, 474 U.S. 327, 328 (1986). And to the extent Plaintiff attempts to sue the South Carolina Department of Corrections, such a claim fails in federal court. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100-101 (1984) ("The Eleventh Amendment bars a suit against state officials when the state is the real, substantial party in interest."); see also S.C. CODE ANN. § 15-78-20(e) (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and

does not consent to suit in a federal court or in a court of another State). The South Carolina Department of Corrections is a department of the State of South Carolina and functions as an arm of the State. See Belcher v. S.C. Board of Corrs., 460 F. Supp. 805, 809 (D.S.C. 1978). Furthermore, the Court has explicitly stated that "neither pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment." Pennhurst, 465 U.S. at 121. As such, any claim Plaintiff attempts to assert against SCDC fails. See Wilkins v. Dep't of Corr., No. 2:07-cv-3432-GRA, 2007 WL 4443087, at *3 (D.S.C. Dec. 14, 2007).

Plaintiff has not shown that he is entitled to summary judgment. Accordingly, the undersigned recommends that Plaintiff's Motion for Summary Judgment (Dkt. No. 33) be denied. See FED. R. CIV. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and *the movant is entitled to judgment as a matter of law.*" (emphasis added)).

## **CONCLUSION**

Wherefore, it is RECOMMENDED that Defendant's Motion for Summary Judgment (Dkt. No. 34) be DENIED. It is further RECOMMENDED that Plaintiff's Motion for Summary Judgment (Dkt. No. 33) be DENIED.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

January 21, 2014
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).