IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jamie Michael Gilbert, #335126, | No. 2:13-cv-493-RMG |
| Plaintiff, | **ORDER** |
| vs. | |
| Sgt. Colton West, | |
| Defendant. | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that the Court deny both Plaintiff's and Defendant's motion for summary judgment because an issue of fact exists for trial. (Dkt. No. 51). Plaintiff and Defendant both filed a timely objections to the R & R. (Dkt. Nos. 59, 64). For the reasons stated below, the Court adopts the R & R. Accordingly, Plaintiff's Motion for Summary Judgment (Dkt. No. 33) is DENIED, and Defendant's Motion for Summary Judgment (Dkt. No. 34) is DENIED.

## I. FACTS[1]

The following facts are uncontested. On February 13, 2012, Defendant and Officer Dillman escorted inmate Angelo Ham, Plaintiff's cell mate, back to his cell. (Dkt. No. 1 at 3; Dkt. No. 59-1 at ¶¶ 2-3). When the cell door was opened, Plaintiff struck Ham with a blunt piece of metal. (Dkt. No. 1 at 3; Dkt. No. 59-1 at ¶ 8). During this altercation, Plaintiff apparently also stuck Defendant. (Dkt. No. 59-1 at ¶ 6). Plaintiff ran away from the scene and into Officer

---

[1] The Court considers the evidence submitted by Defendant with his objections to the R & R. *See* 28 U.S.C. § 636(b)(1) (stating that the Court can "receive further evidence").

Thompson at the top of a stairway. (Dkt. No. 1 at 3; Dkt. No. 59-1 at ¶ 9). Officer Thompson attempted to restrain Plaintiff, was unsuccessful and was dragged to the bottom of the stairs by Plaintiff. (Dkt. No. 1 at 3; Dkt. No. 59-1 at ¶ 9). Officer Thompson apparently tripped Plaintiff at the bottom of the stairs. (Dkt. No. 1 at 3; Dkt. No. 59-1 at ¶ 10).

Here, Plaintiff's version of events and Defendant's version of events differ. Plaintiff states that, after tripping him, Officer Thompson restrained him. (Dkt. No. 1 at 3). Plaintiff states that, after he was restrained, Defendant ran down the stairs, "jumped on my back & punched me several times in my face causing my face to swell up. . . West hit me so many times that Cpl. Thompson had to push him off me 2-3 times." (*Id.*).

Defendant states that when he reached the bottom of the stairs, Officer Thompson was holding Plaintiff's leg, but that Plaintiff was not restrained. (Dkt. No. 59-1 at ¶ 10). Defendant states that he could not gain control of Plaintiff's arms, so he "administered a palm heel strike to the facial area of [Plaintiff]." (*Id.*). Defendant states that *after* this strike, Plaintiff began to comply and Officer Thompson restrained Plaintiff in handcuffs. (*Id.*).

The medical report submitted by Defendant indicates that Plaintiff suffered ruptured blood vessels in his left eye and bruising around his eyes and on the left side of his face. (Dkt. No. 34-3).

## II. LEGAL STANDARD

### A. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

### B. Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Only material facts–those "that might affect the outcome of the suit under the governing law"–will preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine, "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.*

At the summary judgment stage, the court must "construe the evidence, and all reasonable inferences that may be drawn from such evidence, in the light most favorable to the nonmoving party." *Dash v. Mayweather*, 731 F.3d 303, 310 (4th Cir. 2013). However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Id.* at 311.

### III. DISCUSSION

### A. Defendant's Motion for Summary Judgment

As an initial matter, the Court agrees that Plaintiff's claim is not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The Magistrate Judge correctly applied the operative facts the applicable law in finding that *Heck* did not bar Plaintiff's claim (*see* Dkt. No. 51 at 3-6), and

Defendant has not objected to this finding by the Magistrate Judge. (*See* Dkt. No. 59). It appears that Plaintiff's disciplinary convictions are for actions that happened in Plaintiff's cell or at the top of the stairs, namely striking Ham and Defendant. (*See* Dkt. No. 34-4). Plaintiff's claim involves what happened later, at the bottom of the stairs and, in Plaintiff's version of events, after he was restrained. It is possible for Plaintiff's disciplinary convictions to be valid, and for Plaintiff to have a valid claim for excessive force for events that occurred after he was restrained.

Turning to Plaintiff's Eighth Amendment claim generally, the Court finds that there is a genuine issue of material fact for trial, namely whether Plaintiff was restrained at the time that he was struck by Defendant. This fact bears directly on the first three factors set out in *Hudson*: the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by Defendant West. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992). The Court agrees with the Magistrate Judge that this factual dispute is for the jury.

Defendant claims that Plaintiff's "uncorroborated and self-serving statements" are insufficient to defeat summary judgment. (Dkt. No. 59 at 2). Plaintiff's statements are no more self-serving or less corroborated than Defendant's. In the record before the Court, both Plaintiff's and Defendant's statements are only corroborated by their own earlier statements.[2] Neither Plaintiff's nor Defendant's version of events is corroborated by the testimony of any other witnesses or by physical evidence.

---

[2] Defendant's version of events is corroborated by Defendant's statement of what happened in an incident report written after the incident. (Dkt. No. 59-2). Plaintiff's version of events is corroborated by Plaintiff's statement to medical personnel after the event. (*See* Dkt. No. 59-3 ("punching me in the side of my face repeatedly while I was on the ground")).

-4-

Regardless, credibility determinations are for the jury, and not for consideration of the Court on a motion for summary judgment. *E.g. Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *see also Gray v. Spillman*, 925 F.2d 90, 95 (4th Cir.1991) ("It is not our job to weigh the evidence . . . or to disregard stories that seem hard to believe. Those tasks are for the jury."). At the summary judgment stage, the Court must view the evidence in the light most favorable to Plaintiff, resolve any disputed factual questions in his favor, and draw all inferences in his favor. *E.g. Meyers v. Baltimore Cnty.*, Md., 713 F.3d 723, 730 (4th Cir. 2013); *Dash v. Mayweather*, 731 F.3d 303, 310 (4th Cir. 2013). Doing so, the Court finds that a jury could infer that Defendant "wantonly administered significant force to [plaintiff] in retaliation for his conduct rather than for the purpose of bringing him under control." *Thompson v. Shelton*, 541 Fed. App'x 247, 250 (4th Cir. 2013). Therefore, the Court adopts the R & R and denies Defendant's motion for summary judgment.

## B. Plaintiff's Motion for Summary Judgment

The Court agrees that much of Plaintiff's motion raises claims that are not cognizable under § 1983 for the reasons stated in the R & R. To the extent that Plaintiff moves for summary judgment on his excessive force claim, the Court also agrees that Plaintiff has not shown that he is entitled to summary judgment. A reasonable jury could believe Defendant's version of events and find the Defendant did not act "maliciously and sadistically." Therefore, the Court agrees with and adopts the R & R with regard to Plaintiff's motion for summary judgment, and Plaintiff's motion is denied.

## IV. CONCLUSION

For the reasons stated above, the Court **ADOPTS** the R & R as an order of this Court. Accordingly, Plaintiff's Motion for Summary Judgment (Dkt. No. 33) is **DENIED**, and Defendant's Motion for Summary Judgment (Dkt. No. 34) is **DENIED**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

March 14, 2014
Charleston, South Carolina